UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., * <br> DONALD B. RICHARDSON, and * <br> BARABARA A. RICHARDSON * <br> * <br> VERSUS * <br> * <br> NEXTGEAR CAPITAL, INC., * <br> as successor-in-interest to * <br> DEALER SERVICS CORPORATION, * <br> and LOUISIANA'S FIRST CHOICE * <br> AUTO AUCTION, L.L.C. * <br> \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | CIVIL <br> ACTION NO.: **3:13-CV-00778-BAJ-RLB** |

## MEMORANDUM IN OPPOSITION OF THE MOTION TO TRANSFER

**NOW INTO COURT**, through undersigned counsel, comes Red Barn Motors, Inc., Donald B. Richardson, and Barbara A. Richardson, who respectfully submits the following Memorandum in Opposition in response to the Motion to Transfer submitted by NextGear Capital, Inc., (hereinafter, "NextGear") as successor-in-interest to Dealer Services Corporation (hereinafter, "DSC") and which is stated as follows:

## SUMMARY OF ARGUMENT

Plaintiffs are requesting that NextGear's Motion to Transfer be denied based on proper jurisdiction, proper venue, public interest, and expenses for Plaintiffs, their attorneys, and all witnesses. Plaintiffs have operated much of their business enterprise in the state of Louisiana. Defendant First Choice Auto Auction, L.L.C. (hereinafter, "First Choice"), which operates the auction house mentioned in the complaint, is operated in Louisiana. NextGear also does business in the state of Louisiana. It would be in the best interest of the public to allow the complaint to continue here in the Middle District of Louisiana. The expenses would be too extreme to have all witnesses, attorneys, and parties attend trial in any other state than here in Louisiana.

1

Furthermore, NextGear's Motion to Transfer should be denied as the contract containing the forum-selection clause was procured by fraud. As alleged in the complaint, NextGear breached their contract and agreement when they failed to provide a line of credit timely as agreed upon in the contract, they were unjustly enriched at the expense of the plaintiffs, and they illegally seized property and assets belonging to the plaintiffs, resulting in the captioned suit. Based on its systemic pattern of similar acts against other companies, NextGear had, prior to and at the point execution of the contract, intended to not perform in good faith and to breach the contract through the abovementioned acts. In light of such fraudulent acts, the forum-selection clause should not be enforceable.

In addition, NextGear's Motion to Transfer is based on their own needs and concerns without regard to any other person or persons involved in this complaint. NextGear has failed to provide any factual information as to why the forum-selection clause should carry any weight in the decision to transfer to Indiana. Defendant's also request a transfer in hopes that the original venue of choice's law will not carry over to the new choice of venue. Lastly, NextGear is basing the Motion to Transfer off of a forum-selection clause that was only signed by Plaintiffs and NextGear. First Choice was not a party in the referenced "Note" or Guaranty and should not be bound by the forum-selection clause. In conclusion, Plaintiffs request that the courts find the forum selection clause invalid and the Motion to Transfer should be denied.

## LAW AND ARGUMENT

**A. The forum-selection clause should not be enforced as the facts and nature of the relationship between the parties qualify this matter as an "exceptional case" necessitating trial in Louisiana.**

As mentioned in NextGear's Motion to Transfer, a "valid forum selection clause should be given controlling weight in all but the most exceptional cases," *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western State of Texas*, 134 S.Ct. 568, 581 (2013) *citing Stewart*

*Organizations, Inc. v. Ricoh Corp*, 487 U.S. 22, 33; 108 S.Ct. 2239, 2246 (1988). The court should consider the following when deciding whether to transfer a case: the heavy financial burden a transfer would cause, the position the defendant would be to litigate, "convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively." *Hoffman v. Minuteman Press Intern., Inc.,* 747 F.Supp. 552, 559 (W.D. Mo., 1990). Mr. and Mrs. Richardson are domiciled in Louisiana. Red Barn is Louisiana corporation with its principal place of business in Louisiana. Defendants, NextGear and First Choice have a registered office in Louisiana, and First Choice's principal place of business is located in Louisiana. Most of the business between Plaintiffs and Defendants has been completed in Louisiana. The seizure of Plaintiffs' assets took place in Louisiana. The majority of attendees that are needed to be present in court on the day of this trial are domiciled in the state of Louisiana. Due to NextGear, Plaintiffs' have and continue to suffer server economic hardship. It is the Defendants who have significantly contributed to Red Barn's bankruptcy. The expenses that Plaintiffs have already accrued are overwhelmingly high and the possibility of any more financial setbacks will be devastating. The costs to transfer and attend court for Plaintiffs and all witnesses exceed the amount that Plaintiffs can afford. Plaintiffs have already sought bankruptcy protection and are struggling with debt because of NextGear's deception and fraudulent activity. These factors overwhelmingly suggest that it is in the best public interests to maintain the captioned suit in Louisiana.

Furthermore, First Choice was not included in the agreement signed between Red Barn Motors, Inc., and DSC and cannot be bound by the forum selection clause. *Adams, et al. v.*

*Unione Mediterranea Di Sicurta, et al.*, 364, F.3d 646 (5th Cir., 2004) *and Employees Mutual Casualty Company v. Iberville Parish School Board*, 2013 WL 943759 (M.D. La. 3/11/2013). NextGear's attempt to force a defendant not a party to the Contract into court in Indiana is in contravention with our circuit's previous decisions.

By the overwhelming public interests as well as the considerations of First Choice, this suit should qualify as an exceptional case under *Atlantic Marine*, this case should be considered "*but the most exceptional case*" for the reason that First Choice was not a party in the referenced "Note" and Guaranty, and the forum selection clause should have no controlling weight in the decision of transfer, ultimately resulting in the Motion to Transfer being denied.

**B. The contract was procured by fraud, and; thus the forum-selection clause is not enforceable.**

The forum-selection clause should not be enforceable since the contract was procured by fraud because NextGear intended to breach the contract prior to and at its inception. "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code. art 1953. "Fraud may also result from silence or inaction." *Id.* "[F]ederal courts generally should enforce forum-selection clauses absent a showing that to do so 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Stewart*, 487 U.S. at fn. 7. NextGear has engaged in activity of the same or similar nature with other companies prior to inception of the contract with Plaintiffs. For example, DSC was sued in Louisiana for illegal floor plan financing, breach of contract, and ruining the dealer's credit and future financing with other companies. *Barrett Auto Brokers v. Dealer Services Corporation*, 48 So.3d 322 (La. App. 2 Cir. 9/22/10) *and also see Fariba v. Dealer Services Corp.*, 178 Cal.App.4th 156, 100 Cal. Rptr. 3d 219 (Cal. App., 2009). In addition, the facts alleged by

4

Plaintiff in the complaint clearly demonstrate a consistent scheme of fraudulent behavior that is NextGear's standard operating procedure, and is being utilized by NextGear with all of the other automotive dealers in which it is in business. "A contract may be induced by fraud when a party promises to perform the contract while knowing that it has no intention of carrying out the promise." *Bohnsack v. Varco,* 668 F. 3d 262 (5th Cir. 1/23/12). Based on its exhibited pattern of fraudulent activity similar to the acts committed against Plaintiffs, NextGear intended to breach the contract prior to and at the moment of inception. NextGear knew it could convince Plaintiffs to sign the contract, breach it, and seek protection, through the forum-selection clause, from litigants who would not have the resources to litigate their claims in Indiana. Considering NextGear's past experiences with clients and the law, the forum-selection clause was created with the presumption of possible litigation. "No one should be able to erect, through forum selection clauses, a shield of immunity to all litigation in undesirable forums. Forum selection clauses that are drafted broadly so as to encompass even tort litigation that may arise between the contracting parties are themselves *prima facie* evidence of fraud and overwhelming bargaining power." *Hoffman* 747 F.Supp. at 559. As such, the forum-selection clause should be deemed unenforceable, invalid and void.

## C. The burden of proving the transfer necessary is on the moving party.

Defendant has failed to provide any proof or merit to why the transfer should be favored. NextGear's Motion to Transfer has only outlined the issue of whether a forum-selection clause is enforceable when present in a contract. NextGear provided no evidence or argument on why the forum selection clause should be considered in the balance of interests that decide the transfer. NextGear does not include any information or proof that the transfer is in the best interest of the law, all parties, and all possible witnesses. "Indeed, this Court has said that '[i]t is incumbent

upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless hat balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed.'" *Hoffman* 747 F.Supp. 552, 553 (1990), *citing Houk v. Kimberly-Clark Corp*., 613 F.Supp. 923, 927 (W.D.Mo.1985). NextGear has not showed any evidence that the balance of interests would weigh in favor of the proposed transfer. "If a party resisting the enforcement of a forum clause does not wish the clause to figure into a court's balancing of the §1404(a) factors, then he should bear the burden of showing why the clause should not factor into the court's decision. Thus, the party moving for the transfer still bears the burden of proving that the balance of §1404(a) interests weighs in favor of transfer." *Hoffman* 747 F. Supp. 552, 554 (1990).

## **CONCLUSION**

Because the Plaintiffs were induced by fraud to enter the contract, along with factors including First Choice's potential to being subjected to a forum-selection clause in a contract to which it was not a party, the court should deny NextGear's Motion to Transfer and allow the matter to be tried in the Middle District of Louisiana. Furthermore, there is lack of evidence provided by NextGear to oppose that it is in the best interests of the public as well as the parties to have the matter tried here, and for this additional reason, NextGear's motion should be denied.

Respectfully submitted,

CASSIE FELDER & ASSOCIATES, L.L.C.

*/s/Joshua P. Melder*_____
**Cassie E. Felder (LA Bar No.27805)**
**Joshua P. Melder (LA Bar No. 33983)**
263 3rd Street, Suite 308
Baton Rouge, Louisiana 70801
Phone: (225) 448-3560
Fax:    (225) 372-2862
Email: cfelder@felderllc.com
          joshua@felderllc.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 27th day of February 2014 served a copy of the foregoing Memorandum in Opposition to NextGear Capital, Inc.'s Motion to Transfer on all counsel of record via electronic service by the court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**Robin B. Cheatham**
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
robin.cheatham@arlaw.com, owensvc@arlaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com

*/s/ Joshua P. Melder*
_____
**Joshua P. Melder**