UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RED BARN MOTORS, INC.,** \* | |
| **DONALD B. RICHARDSON, and** \* | **CIVIL** |
| **BARABARA A. RICHARDSON** \* | **ACTION NO.: 3:13-CV-00778-BAJ-RLB** |
| \* | |
| **VERSUS** \* | |
| \* | |
| **NEXTGEAR CAPITAL, INC.,** \* | |
| as successor-in-interest to \* | |
| **DEALER SERVICES CORPORATION,** \* | |
| and **LOUISIANA'S FIRST CHOICE** \* | |
| **AUTO AUCTION, L.L.C.** \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT NEXTGEAR'S MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Red Barn, LLC (hereinafter, "Red Barn"), Donald Richardson, and Barbara Richardson (hereinafter collectively referred to as "the Richardsons"), who respectfully submits this memorandum in opposition to Defendant's, NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation (hereinafter, "NextGear") Motion to Dismiss, and represents as follows:

**LAW AND ARGUMENT**

**A. Mrs. Richardson has standing to assert claims in the captioned matter as her one-half interest in the Richardsons' community property is subject to seizure under the contract.**

NextGear argues that Ms. Richardson does not have standing to assert claims under the allegations set forth in the complaint. However, Mrs. Richardson does have standing since her one-half interest in the Richardsons' community property is threatened by the potential actions of NextGear. "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."

*Warth v. Selden*, 422, U.S. 490, 498-9, 95. S.Ct. 2197, 2205 (1975) *citing Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). "The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Id*. at 499. "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . ..' *Id citing Linda R.S. v. Richard D*., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). To establish Article III standing a plaintiff must demonstrate (1) an injury in fact; (2) that is fairly traceable to the challenged act; and (3) that is likely to be redressed by the requested remedy. *Davis v. East Baton Rouge Parish Sch. Bd.,* 78 F.3d 920, 926 (5th Cir.1996).

Mr. Richardson, in connection with the floor plan, loan, and promissory note between Red Barn and NextGear, executed a personal guaranty in favor of NextGear for all debts owed by Red Barn. Furthermore, the Richardsons are married. Under Louisiana law, married persons are subject to a community property regime. La. Civ. Code art. 2334 (West 2014). Community property includes:

> …property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.

*Id*. at art. 2338. "Each spouse owns a present undivided one-half interest in the community property." *Id*. at art. 2338 Mrs. Richardson's one-half interest in their community property is threatened by the current and future attempts against Mr. Richardson by NextGear to seek the amounts owed under the guaranty. Courts in the Fifth Circuit have recognized that potential loss of a litigant's community property interest satisfies the standing requirements for the purposes of

Article III. *See Powell v. Chambers*, 69 F.Supp.2d 854, 857-8 (M.D. La., 8/18/1999) (Plaintiff had standing bring claim under Securities and Exchange Act and Rule 10b-5 against former spouse due to her community property interest) *and In re Quanalayze Oil & Gas Corp.*, 250 B.R. 83, 90 (Bkrtcy. W.D. Tex, 6/8/2000) (Proof of community property interest will likely constitute standing). As NextGear's breach of contract and other claims alledged in the complaint have and will continue to contribute to the financial woes of both Red Barn and the Richardsons, the Mrs. Richardson has been injured in her individual capacity by NextGear. Such injury can be redressed by this court.

**B. <u>Mrs. Richardson is not pursuing claims on behalf of Red Bar, but is pursuing all claims that affect her one-half interest in the Richardsons' community property.</u>**

NextGear argues that Mrs. Richardson lacks standing to pursue claims on behalf of Red Barn. Plaintiffs agree with this argument as Mrs. Richardson is, actually, pursuing her own claims against Defendants. As argued above, Mrs. Richardson's community property interest is threatened by the current and potential actions to enforce the guaranty between NextGear and Mr. Richardson. As such, Mrs. Richardson has standing to prosecute the claims alleged in the complaint in regards to her individual injuries.

**C. <u>Failure to seek approval to serve as counsel under 11 U.S.C. 327(e) does not prevent Plaintiff's counsel from representing them, and consideration of this matters is appropriate only with regards to Plaintiff's bankruptcy case.</u>**

NextGear alleges that Plaintiffs has failed to seek approval from the trustee and bankruptcy court for counsel, Cassie Felder, to represent it in the captioned matter. While no application was made of the trustee and court as required under Bankruptcy Rule 2014, Defendant is incorrect that Plaintiffs cannot seek *nunc pro tunc* relief. Bankruptcy courts have broad discretion to grant *nunc pro tunc* relief to debtor's in cases when extraordinary circumstances arise. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1282, 1288-9 (5th Cir.,

1983). Furthermore, there is no per se rule which would absolutely prohibit an award of fees to an unauthorized attorney for a debtor in a bankruptcy proceeding. *In re Anderson*, 936 F.2d 199, 204 (5th Cir., 1991). In *In re Triangle Chemicals, Inc.*, the Fifth Circuit stated that a court could grant *nunc pro tunc* relief to a debtor who's attorney overlooked the requirements in §§ 327(e) and 1107 as this may be an extraordinary circumstance. In addition, subsequent cases in our circuit have recognized that relief should be granted in cases of excusable neglect. *In re Anderson*, 936 F.2d at 204 (5th Cir., 1991) *and In re Inter Urban Broadcasting of St. Louis*, 174 B.R. 441, 448-449 (E.D. La., 11/3/1994). In discussing what constitutes excusable neglect, the court in *In re Urban Broadcasting* described the standards as follows:

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. In the case at hand, Plaintiffs' counsel overlooked the requirement for appointment due to a miscommunication with Plaintiffs' bankruptcy counsel. As such, Plaintiffs believe that, upon petition to the Bankruptcy Court, it will – under both the exceptional circumstances and excusable neglect standards – obtain *nunc pro tunc* approval to serve as Plaintiff's counsel in this matter.

Plaintiffs believes that this matter is appropriate for the bankruptcy court to decide, as *nunc pro tunc* orders typically address whether the unapproved counsel can merely recover compensation. A matter of compensation retroactive to the initial service provided by its counsel should not affect whether counsel may continue to represent Plaintiff, and Plaintiff will seek the appropriate approval from the trustee and bankruptcy court. Furthermore, Red Barn's bankruptcy counsel is currently in the process of seeking approval of undersigned counsel to represent them in this case.

D. **<u>Red Barn specifically and unequivocally reserved its causes of action and; thus, has standing pursue its claims</u>**

NextGear argues that Red Barn did not properly reserve its claims alleged in its complaint during its bankruptcy process. However, Red Barn did reserve its claims against Defendants in its Amended Reorganization Plan in accordance with 11 U.S.C. 1123(b)(3). See Exhibit A. As in the main case NextGear cites, "A debtor can preserve its standing to bring a post-confirmation action on a claim that once belonged to the estate only if the confirmed plan "expressly provides for the claim's 'retention and enforcement by the debtor.'" *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir., 2008) *quoting* 11 U.S.C. 1123(b). "Without an effective reservation, 'the debtor has no standing to pursue a claim that the estate owned before it was dissolved.'" *In re SI Restructuring, Inc.*, 714 F.3d 860, 865 (5th Cir., 2013) *citing In re Tex. Wyo. Drilling, Inc*., 647 F.3d 547, 550 (5th Cir. 2011). "Though the degree of specificity involved in a plan's reservation of claims will often vary, the reservation must, at a minimum, be specific enough to put 'creditors on notice of any claim [the debtor] wishes to pursue after confirmation.'" *In re United Operating, LLC* at 355. "In determining whether a proper reservation has been made, 'courts may consult the disclosure statement in addition to the plan to determine whether a post-confirmation debtor has standing.'" *In re Tex. Wyo. Drilling, Inc*., 647 F.3d at 551. In its Disclosure Statement, clear reference is made to Red Barn's claims against NextGear and First Choice:

**F. CLAIMS AGAINST OTHERS**

> The Debtor has filed suit against Next Gear Capital and Louisiana First Choice Auction as defendants. The suit was filed in the U.S. District Court for the Middle District of Louisiana, *Red Barn Motors, Inc., et al v. NextGear Capital, Inc., et al*. There are many facts believed by the Debtor to form the basis of complaint….
>
> …

> **No other litigation is anticipated. There are no other known preference or fraudulence conveyance actions to pursue by the Debtor other that those that be included as part of the litigation against Next Gear.**

See Exhibit B, p. 24-5 (emphasis added). Only language that is vague and general with respect to the claims to be retained does not satisfy the requirements of the Bankruptcy Code. *See Harstad v. First American Bank*, 39 F.3d 898, 902 (8th Cir., 1994) (Language in plan stating that the court would "retain jurisdiction…determination of all causes of actions between Debtors and any other party" was not specific and unequivocal), *In re Paramount Plastics, Inc.*, 172 B.R. 331, 334 (Bankr. W.D. Wash., 9/9/1994) (Mere reference of intention to pursue claims in the debtor's statement of affairs and verbal indication to creditor committee prior to hearing was not sufficient), a*nd Ice Cream Liquidation, Inc. v. Calip Dairies, Inc*., 319 B.R. 324, 330 (Bankr. Conn., 1/3/2005) (Debtor's reliance on the plan's authorization to "liquidate all of its property to cash," and reference to "other powers and duties described in the Plan or conferred upon it by operation of law," is not a specific and unequivocal reservation). The above language from the Amended Reorganization Plan is sufficient to constitute disclosure of "adequate information" to allow a claimant to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a)(1). As such, Red Barn's claims were properly reserved.

E. **In the alternative, if the Court should grant the Motion to Dismiss, Plaintiffs seek leave of court to amend and/or take other necessary steps.**

In the alternative, if the court grants the Defendant's Motion to Dismiss, the court should grant the Plaintiffs leave to amend their complaint. Even though the court does not automatically grant a leave to amend, there are only limited circumstances in which the court will deny a leave to amend. *Ynclan v. Dept. of Air Force*, 943 F.2d 1338 (5th Cir. 1991). These limited circumstances are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, or futility of amendment." *Id*. Here, none of the limited circumstance exist because an amendment will not cause any undue delay or prejudice the Defendant, and it is the Plaintiff's first amendment to their complaint. Therefore, the court should grant the Plaintiffs leave to amend their complaint. In addition, if the court should grant NextGear's motion, Plaintiffs request leave of court and a sufficient amount of time for Red Barn to appropriately reserve its claims in this matter with the Bankruptcy Court and/or apply for approval for undersigned counsel to represent Red Barn.

## CONCLUSION

Plaintiffs Red Barn, LLC, Donald Richardson, and Barbara Richardson respectfully request that Defendant NextGear's Motion to Dismiss be denied. In the event that any of its motions are granted, Plaintiffs request leave of court to amend their complaint with respect to the allegations of Ms. Richardson's lack of standing, and/or a sufficient period of time to obtain approval from the appropriate Bankruptcy Court for approval to proceed with the captioned suit.

Respectfully submitted,

/s/ Joshua P. Melder
**Cassie E. Felder (La. Bar No. 27805)**
**Joshua P. Melder (La. Bar No. 33983)**
CASSIE FELDER & ASSOCIATES, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, Louisiana 70801
Phone: (225) 448-3560
Fax:    (225) 372-2862
Email: cfelder@felderllc.com
         joshua@felderllc.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 27th day of February 2014 served a copy of the foregoing Memorandum in Opposition to NextGear Capital, Inc.'s Motion to Dismiss on all counsel of record via electronic service by the court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**Robin B. Cheatham**
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
robin.cheatham@arlaw.com, owensvc@arlaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com

/s/ Joshua P. Melder
_____
**Joshua P. Melder**