UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RED BARN MOTORS, INC., | * | |
| DONALD B. RICHARDSON, and | * | CIVIL |
| BARABARA A. RICHARDSON | * | ACTION   NO.:   **3:13-CV-00778-BAJ-RLB** |
| | * | |
| VERSUS | * | |
| | * | |
| NEXTGEAR CAPITAL, INC., | * | |
| as successor-in-interest to | * | |
| DEALER SERVICES CORPORATION, | * | |
| and LOUISIANA'S FIRST CHOICE | * | |
| AUTO AUCTION, L.L.C. | * | |

* * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs Red Barn, Inc. (hereinafter, "Red Barn"), Donald Richardson, and Barbara Richardson, who respectfully submits this memorandum in opposition to Defendant's, First Choice Auto Auction, LLC (hereinafter, "First Choice") Motion to Dismiss, and represent as follows:

## ARGUMENT

**A. Red Barn has stated appropriate claims and First Choice's Motion to Dismiss should be denied.**

**1. Defendant is liable under the Louisiana Additional Default Remedies Act since it improperly repossessed Plaintiff's vehicles on behalf a secured party.**

While Defendant First Choice is not a secured party under state law, it has still violated the Louisiana Additional Default Remedies Act, La. Rev. Stat. 6:695, *et seq*., (hereinafter, "ADRA") since it did not properly repossess Plaintiff's vehicles. The ADRA governs the acts of persons who seize, or repossess, motor vehicles on behalf of secured parties. Under the ADRA, only a person who has obtained a repossession agent license from the Louisiana Office of Financial Institutions may physically obtain possession of a motor vehicle. *Id.* at §966(D)(1). Defendant is not a repossession agent with the Louisiana Office of Financial Institutions. *See*

Exhibit A, List of Licensed Repossession Agents, Louisiana Office of Financial Institutions, March 3, 2014. Upon communication and direction of Next Gear, Defendant seized eleven vehicles in April 2013. Though obvious that NextGear, as a secured party, failed to send the requisite notice of repossession to Plaintiffs, First Choice also failed to follow the ADRA when it illegally seized Plaintiff's vehicles. As such, First Choice's motion for dismissal for failure to state a claim for this reason should be denied.

2. **In addition to the claim under the ADRA, Plaintiff has properly alleged a claim of conversion against Defendant for the improper seizure of Plaintiff's vehicles.**

Regardless of the ADRA, Defendant converted the Plaintiff's vehicles when it improperly seized them. Conversion is an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of permanent or indefinite possession. *Chrysler Credit Corp. v. Whitney National Bank*, 51 F.3d 553, 557 (5th Cir.1995). It is the commission of a wrongful act of dominion over the property of another in denial of or inconsistent with the owner's rights. *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 11 (5th Cir., 1992). In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that (1) he owned or had the right to possess; (2) the defendant's use was inconsistent with the plaintiff's right of ownership; and (3) the defendant's use constituted a wrongful taking. *Chrysler Credit Corp. v. Whitney National Bank*, 798 F.Supp. 1234, 1236-7 (E.D.La., 7/1/1992). In its complaint, Plaintiffs have alleged that Red Barn had ownership of the eleven vehicles, *See* Exhibit B, *in globo*, Titles to Seized Vehicles, that First Choice's seizure of the vehicles was improper under the ADRA and against the wishes of the Plaintiffs, and that the First Choice has no right to seize the vehicles. Since Plaintiffs have sufficiently alleged a conversion claim, First Choice's motion for dismissal should be denied.

3. **Plaintiffs are able to pursue the claims alleged in accordance with the Bankruptcy Code and they should be allowed to proceed as any deficiencies with regards to bankruptcy are not fatal.**

   a. **Plaintiffs' claim was properly reserved in its Reorganization Plan**

First Choice argues that Red Barn did not properly reserve its claims alleged in its complaint during the course of its bankruptcy. However, Red Barn did reserve its claims against Defendants in its Amended Reorganization Plan in accordance with 11 U.S.C. 1123(b)(3). *See* Exhibit C. "A debtor can preserve its standing to bring a post-confirmation action on a claim that once belonged to the estate only if the confirmed plan 'expressly provides for the claim's retention and enforcement by the debtor.'" *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir., 2008) *quoting* 11 U.S.C. 1123(b). "Without an effective reservation, 'the debtor has no standing to pursue a claim that the estate owned before it was dissolved.'" *In re SI Restructuring, Inc.*, 714 F.3d 860, 865 (5th Cir., 2013) *citing In re Tex. Wyo. Drilling, Inc*., 647 F.3d 547, 550 (5th Cir., 2011). "Though the degree of specificity involved in a plan's reservation of claims will often vary, the reservation must, at a minimum, be specific enough to put 'creditors on notice of any claim [the debtor] wishes to pursue after confirmation.'" *In re United Operating, LLC* at 355. "In determining whether a proper reservation has been made, 'courts may consult the disclosure statement in addition to the plan to determine whether a post-confirmation debtor has standing.'" *In re Tex. Wyo. Drilling, Inc*., 647 F.3d at 551. In its Disclosure Statement, clear reference is made to Red Barn's claims against NextGear and First Choice:

**F. CLAIMS AGAINST OTHERS**

> The Debtor has filed suit against Next Gear Capital and Louisiana First Choice Auction as defendants. The suit was filed in the U.S. District Court for the Middle District of Louisiana, *Red Barn Motors, Inc., et al v. NextGear Capital, Inc., et al*. There are many facts believed by the Debtor to form the basis of complaint….
>
> …

> **No other litigation is anticipated. There are no other known preference or fraudulence conveyance actions to pursue by the Debtor other that those that be included as part of the litigation against Next Gear.**

*See* Exhibit D, p. 24-5 (emphasis added). Only language that is vague and general with respect to the claims to be retained does not satisfy the requirements of the Bankruptcy Code. *See Harstad v. First American Bank*, 39 F.3d 898, 902 (8th Cir., 1994) (Language in plan stating that the court would "retain jurisdiction…determination of all causes of actions between Debtors and any other party" was not specific and unequivocal), *In re Paramount Plastics, Inc.*, 172 B.R. 331, 334 (Bankr. W.D. Wash., 9/9/1994) (Mere reference of intention to pursue claims in the debtor's statement of affairs and verbal indication to creditor committee prior to hearing was not sufficient), a*nd Ice Cream Liquidation, Inc. v. Calip Dairies, Inc*., 319 B.R. 324, 330 (Bankr. Conn., 1/3/2005) (Debtor's reliance on the plan's authorization to "liquidate all of its property to cash," and reference to "other powers and duties described in the Plan or conferred upon it by operation of law," is not a specific and unequivocal reservation). The above language from the Amended Reorganization Plan is sufficient to constitute disclosure of "adequate information" to allow a claimant to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a)(1). As such, Red Barn's claims were properly reserved.

    **b. Failure to seek approval to serve as counsel under 11 U.S.C. 327(e) does not prevent Plaintiff's counsel from representing them, and consideration of this matters is appropriate only with regards to Plaintiff's bankruptcy case.**

First Choice alleges that Plaintiffs has failed to seek approval from the trustee and bankruptcy court for counsel, Cassie Felder, to represent it in the captioned matter. While no application was made of the trustee and court as required under Bankruptcy Rule 2014, Defendant is incorrect that Plaintiffs cannot seek *nunc pro tunc* relief. Bankruptcy courts have broad discretion to grant *nunc pro tunc* relief to debtor's in cases when extraordinary circumstances arise. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1282, 1288-9 (5th Cir.,

1983). Furthermore, there is no *per se* rule which would absolutely prohibit an award of fees to an unauthorized attorney for a debtor in a bankruptcy proceeding. *In re Anderson*, 936 F.2d 199, 204 (5th Cir., 1991). In *In re Triangle Chemicals, Inc.*, the Fifth Circuit stated that a court could grant *nunc pro tunc* relief to a debtor who's attorney overlooked the requirements in §§ 327(e) and 1107 as this may be an extraordinary circumstance. In addition, subsequent cases in our circuit have recognized that relief should be granted in cases of excusable neglect. *In re Anderson*, 936 F.2d at 204 (5th Cir., 1991) *and In re Inter Urban Broadcasting of St. Louis*, 174 B.R. 441, 448-449 (E.D. La., 11/3/1994). In discussing what constitutes excusable neglect, the court in *In re Urban Broadcasting* described the standards as follows:

> …the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. In the case at hand, Plaintiffs' counsel overlooked the requirement for appointment due to a miscommunication with Plaintiffs' bankruptcy counsel. As such, Plaintiffs believe that, upon petition to the Bankruptcy Court, it will – under both the exceptional circumstances and excusable neglect standards – obtain *nunc pro tunc* approval to serve as Plaintiffs' counsel in this matter.

Furthermore, Plaintiffs believe that this matter is appropriate for the bankruptcy court to decide, as *nunc pro tunc* orders typically address whether the unapproved counsel can merely recover compensation. A matter of compensation retroactive to the initial service provided by its counsel should not affect whether counsel may continue to represent Plaintiff, and Plaintiff will seek the appropriate approval from the trustee and bankruptcy court. Furthermore, Red Barn's bankruptcy counsel is currently in the process of seeking approval of undersigned counsel to represent them in this case.

**B. Plaintiffs Donald B. Richardson and Barbara A. Richardson are both proper parties, as Mr. Richardson personally guaranteed the loans to NextGear and any default and subsequent seizure against Mr. Richardson would affect Mrs. Richardson's interest in their community property.**

First Choice argues that Plaintiffs Donald and Barbara Richardson (hereinafter collectively referred to as "the Richardsons") are not proper parties, as individuals, under the allegations set forth in the complaint. This argument turns on the whether the Richardsons have standing. "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Selden*, 422, U.S. 490, 498-9, 95. S.Ct. 2197, 2205 (1975) *citing Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). "The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Id.* at 499. "A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . ..' *Id citing Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). To establish Article III standing a plaintiff must demonstrate (1) an injury in fact; (2) that is fairly traceable to the challenged act; and (3) that is likely to be redressed by the requested remedy. *Davis v. East Baton Rouge Parish Sch. Bd.,* 78 F.3d 920, 926 (5th Cir., 1996).

Mr. Richardson, in connection with the floor plan, loan, and promissory note between Red Barn and NextGear, executed a personal guarantee in favor of NextGear for all debts owed by Red Barn. A guaranty is also known as suretyship. *Citizens' Bank & Trust Co. v. Barthet, et al.*, 177 La. 652, 656, 148 So. 906, 908 (1933). Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter

to do so. La. Civ. Code art. 3035. A surety…is liable to the creditor…for the full performance of the obligation of the principal obligor…." *Id*. at 3045. Since Mr. Richardson is, arguably, personally liable for the debts of Red Barn to NextGear, he is or will be subject to an articulable injury due to any attempts by NextGear to seize his personal assets, and the relief requested by him in this Court will remedy any injury that has been or will be sustained by them.

Furthermore, the Richardsons are married. Under Louisiana law, married persons are subject to a community property regime. La. Civ. Code art. 2334. Community property includes:

> …property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.

*Id*. at art. 2338. "Each spouse owns a present undivided one-half interest in the community property." *Id*. at art. 2336. Mrs. Richardson's one-half interest in their community property is threatened by the attempts of NextGear to seek performance against her husband under the guarantee. As NextGear's breach of contract and First Choice's illegal seizure have contributed to the financial woes of both Red Barn and the Richardsons, the Richardsons have been injured in their individual capacities. As such, the Richardsons have standing to pursue claims in their individual capacities.

**C. In the alternative, if the Court should grant the Motion to Dismiss, Plaintiffs seek leave of court to amend and/or take other necessary steps.**

In the alternative, if the court grants the Defendant's Motion to Dismiss, Plaintiffs request leave to amend their complaint. Even though the court does not automatically grant a leave to amend, there are only limited circumstances in which the court will deny a leave to amend. *Ynclan v. Dept. of Air Force*, 943 F.2d 1388, 1391 (5th Cir., 1991). These limited circumstances are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id*. Here, none of the limited circumstance exist because an amendment will not cause any undue delay or prejudice the Defendants, and it is the Plaintiff's first amendment to their complaint. Therefore, the court should grant the Plaintiffs leave to amend their complaint. In addition, if the court should grant First Choice's motion with regard to the bankruptcy matters, Plaintiffs request leave of court and a sufficient amount of time for Red Barn to appropriately reserve its claims in this matter and/or seek approval for undersigned counsel to represent Red Barn with the Bankruptcy Court.

## CONCLUSION

Plaintiffs Red Barn, Inc., Donald Richardson, and Barbara Richardson respectfully request that Defendant First Choice's Motion to Dismiss be denied. In the event that any of its motions are granted, Plaintiffs request leave of court to amend their complaint with respect to the allegations of Ms. Richardson's lack of standing, and/or a sufficient period of time to obtain approval from the appropriate Bankruptcy Court for approval to proceed with the captioned suit.

Respectfully submitted,

/s/ Cassie E. Felder
**Cassie E. Felder (La. Bar No. 27805)**
**Joshua P. Melder (La. Bar No. 33983)**
CASSIE FELDER & ASSOCIATES, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, Louisiana 70801
Phone: (225) 448-3560
Fax:    (225) 372-2862
Email: cfelder@felderllc.com
          joshua@felderllc.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 3rd day of March 2014 served a copy of the foregoing Memorandum in Opposition First Choice Auto Auction, LLC's Motion to Dismiss on all counsel of record via electronic service by the court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

**Robin B. Cheatham**
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
robin.cheatham@arlaw.com, owensvc@arlaw.com

**Lisa Brener**
Brener Law Firm, L.L.C.
3640 Magazine Street
New Orleans, LA 70115
lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com

/s/ Joshua P. Melder
_____
**Joshua P. Melder**