UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., <br> DONALD B. RICHARDSON, AND <br> BARBARA A. RICHARDSON <br> <br> VERSUS <br> <br> NEXTGEAR CAPITAL, INC. <br> AS SUCCESSOR-IN-INTEREST TO <br> DEALER SERVICES CORPORATION, <br> LOUISIANA'S FIRST CHOICE <br> AUTO AUCTION, L.L.C. | CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB |

## REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION OF THE MOTION TO DISMISS

NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, (incorrectly named defendant as NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation) (hereinafter "NextGear"), through undersigned counsel, respectfully submits the following Reply Memorandum to Plaintiffs' Memorandum in Opposition of the Motion to Dismiss [R.Doc. No. 15].

### SUMMARY OF ARGUMENT

NextGear's Motion to Dismiss should be granted for the following reasons:

1. Ms. Richardson lacks standing because she only alleges a hypothetical injury.

2. Red Barn lacks standing, because this cause of action was not specifically and unequivocally reserved in its confirmed plan of reorganization. A reservation in the disclosure statement fails to satisfy the requirements mandated by 11 U.S.C. §1123.

3. *Nunc pro tunc* relief is not absolute. Only in extraordinary circumstances may such relief be granted which are not present here. When a cause of action is not reserved in the plan

of reorganization and counsel is aware of the need to obtain prior authority to retain counsel and so acknowledged that requirement, there are no extraordinary circumstances. For the reasons discussed more fully below, this Court should grant NextGear's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

## LAW AND ARGUMENT

**1. Ms. Richardson's *potential loss* to community property does not satisfy standing requirements.**

In an attempt to satisfy the standing requirement, Plaintiffs contend that Ms. Richardson's potential loss of her one-half interest in the Richardson's community property, as a result of NextGear's attempt to collect on the Note executed by Mr. Richardson, constitutes an injury for standing purposes. *See* Opposition, p. 15. However, Ms. Richardson's *potential* loss of her community property does not satisfy the strict requirements for standing articulated by the United States Supreme Court. Article III standing, at its "irreducible constitutional minimum," requires Ms. Richardson to demonstrate that she has suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, **not conjectural or hypothetical.**" *Id.* at 560, 112 S.Ct. 2130 (internal quotation marks, footnote, and citations omitted)(emphasis added); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)("Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be real and immediate, not conjectural or hypothetical." (citations omitted).

Here, Ms. Richardson only alleges a conjectural and hypothetical injury and fails to articulate a concrete and particularized injury. *See* Opposition, p. 2 ("Mrs. Richardson's one-half interest is ***threatened*** by the current and future attempts against Mr. Richardson by NextGear to seek amounts owed in guaranty.")(emphasis added). The possible threat of an injury does not satisfy the rigid requirements for standing set by the Supreme Court. Ms. Richardson's possible injury is "too abstract and speculative to meet the constitutional standard of standing." *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 218 (5th Cir. 2001); *See Lujan*, 504 U.S. at 565 n. 2, 112 S.Ct. 2130 ("plaintiff alleges only an injury at some indefinite future time.").

Moreover, Ms. Richardson fails to even plead this alleged injury in the Complaint. In fact, *not one* allegation in the Complaint pertains to Ms. Richardson. *See* Complaint [Rec. Doc. 1]. The Supreme Court stated that "standing cannot be inferred argumentatively from averments in the pleadings, but rather ... it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (internal citations and punctuation omitted). Because Ms. Richardson fails to allege any facts that pertain to her injury in the Complaint, and this Court cannot infer her standing status, Ms. Richardson lacks standing and any claims attempted to be asserted by Ms. Richardson should be dismissed accordingly.

Nevertheless, Ms. Richardson is not left without a remedy should her community property be effected. If there is any detriment to the community property, then Ms. Richardson has standing to make a claim against her husband. As a result, if there is any loss to the community property, then Ms. Richardson may have a cause of action against her husband for reimbursement pursuant to La. C.C. art. 2364. *See Snodgrass v. U.S.* 670 F. Supp. 179, (W.D.

La. 1987)(finding the wife lacked standing to sue although she may have a cause of action against her husband for reimbursement). Regardless, Ms. Richardson has failed to allege any injury to satisfy the standing requirements against NextGear. Because Ms. Richardson has not and cannot demonstrate that she has suffered any injury, Ms. Richardson lacks standing to assert any claim in this litigation. The Motion to Dismiss as to Ms. Richardson should be granted.

### 2. Red Barn also lacks standing, because Red Barn did not specifically and unequivocally reserve this cause of action in the Plan of Reorganization.

Section 1123(b)(3) of the Bankruptcy Code allows a "debtor to retain causes of action possessed by the bankruptcy estate by providing for the retention of such claims in its *reorganization plan*." *In re MPF Holdings US LLC*, 701 F.3d 449, 454 (5th Cir. 2012)(*citing* 11 U.S.C. § 1123(b)(3)(emphasis added). The Fifth Circuit held that a debtor may have standing to bring claims, but only as to those claims that the debtor reserved in the *reorganization plan.* The debtor will not have **standing to bring claims that were not reserved in the plan**. *Id.* (*citing United Operating*, 540 F.3d at 355; *see also Tex. Gen. Petroleum Corp.*, 52 F.3d at 1335 n. 4 ("a debtor cannot assert an avoidance action post confirmation if the [reorganization] plan does not provide him with the requisite authority to do so." (internal citation omitted)). The Fifth Circuit has a clear mandate that causes of action must be retained in the reorganization plan, approved by the bankruptcy court, to provide standing to the debtor.

Here, Red Barn failed to reserve this suit in the confirmed plan of reorganization. *See* Exhibit A of Plaintiffs Opposition, p. 11, Section 9.2 Retention of Causes of Action. The plan ***does not*** specifically and unequivocally retain this cause of action against NextGear as required by the Fifth Circuit. *See In re MPF Holdings US LLC*, 701 F.3d at 454 (*citing* 11 U.S.C. § 1123(b)(3). In fact, the plan of reorganization fails to mention any reservation as to a claim against NextGear at all.

Nevertheless, in an attempt to circumvent the Fifth Circuit's clear mandate, Plaintiffs incorrectly argue that Red Barn unequivocally reserved its claim in the *disclosure statement*. *See* Opposition, p. 5. For support Plaintiffs cite to a clause in the disclosure statement, and further cite to a number of non-binding cases to support the contention that a reference in the disclosure statement suffices to establish standing. This argument is incorrect. Because the Fifth Circuit requires a specific and unequivocal reservation in the *reorganization plan*, and Red Barn failed to mention, let alone reserve this cause of action in the plan of reorganization, Red Barn lacks standing to bring this suit. *In re MPF Holdings US LLC*, 701 F.3d at 454. As such, the Complaint should be dismissed accordingly.

**3. Counsel for Red Barn should not be granted *nunc pro tunc* relief and thus Red Barn's counsel has no authority to pursue any causes of action on behalf of Red Barn.**

Plaintiffs admit that no application was made for counsel, Cassie Felder, to the bankruptcy court to represent Red Barn in this suit as required under Bankruptcy Rule 2014. *See* Opposition, p. 3.[1] Nevertheless, Plaintiffs are confident that *nunc pro tunc* relief will be granted, allowing counsel to continue to represent Red Barn. However, *nunc pro tunc relief* is not absolute. Rather, *nunc pro tunc* relief is left to the discretion of the bankruptcy court. *In re Triangle Chemicals, Inc.*, 687 F.2d 1280, 1284 (5th Cir. 1983). Moreover, "strong reasons against circumventing the rule's requirement exist for not exercising this discretion." *Id.* NextGear does not dispute that a bankruptcy court has discretion to grant such relief, rather NextGear merely submits that this is not an instance where such discretion is warranted. Plaintiffs claim they overlooked this requirement due to a miscommunication with Plaintiffs' bankruptcy counsel. *See* Opposition, p. 4. This contention is misplaced as Plaintiffs affirmatively acknowledged the need and anticipated application of seeking authority from the bankruptcy

---

[1] The Application should have been filed pursuant to 11 U.S.C. §327.

court for authority to pursue a claim against NextGear. *See* Disclosure Statement at p.10, Exhibit B of Plaintiffs Opposition [R. Doc. No.15]("The Debtor plans to apply to the Bankruptcy Court for authority to retain the services of Cassie Felder and Associates to represent the Debtor in litigation against NextGear and First Choice."). To obtain *nunc pro tunc* relief, Plaintiff would have to prove that there were extraordinary circumstances that precluded the filing of the application. There can be no extraordinary circumstances when in fact there is an affirmation and recognition of the need to obtain such relief while claiming that there was a miscommunication. *See* Disclosure Statement at p.10, Exhibit B of Plaintiffs Opposition [R. Doc. No.15]. *See also In re Florida Airlines* 110 B.R. 570 (Bankr. M.D. Fla. 1990) and *In re Keegan Utility Contractors* 73 B.R. 82 (Bankr. W.D.N.Y. 1987). The disclosure statement is filed preparatory to the plan of reorganization and in such document there is an affirmative representation and acknowledgement that such relief was requisite prior to the institution of this proceeding. There are no extraordinary circumstances present here.

### 4. Plaintiffs are not entitled to leave to amend or conduct discovery.

This Court should dismiss the claims against NextGear without leave to amend and without discovery. The United States Supreme Court made clear that a plaintiff who fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure should not be allowed to conduct discovery in the hope of unearthing evidence to support a claim against the defendant. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1954 (2009). ("Because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Both Ms. Richardson and Red Barn fail to allege sufficient facts to satisfy standing, prohibiting them from pursuing this suit against NextGear. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)(stating that a "12(b)(6) inquiry focuses on the allegations in the

pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits."). Here, the Court should dismiss the claims against NextGear with prejudice and without leave to amend. Plaintiffs filed a Complaint, wherein both Ms. Richardson and Red Barn lack standing, yet NextGear is being forced to defend this matter. The Court should not reward Plaintiffs by allowing them to amend their Complaint. NextGear continues to incur unnecessary litigation costs and fees while Plaintiffs attempt to pursue a claim which is neither reserved in the plan of reorganization nor was authority to retain counsel ever approved by the bankruptcy court.

## CONCLUSION

It is conclusive that Ms. Richardson lacks standing as a result of only alleging a hypothetical injury. Likewise, Red Barn lacks standing, because this cause of action was not specifically and unequivocally reserved in its plan of reorganization. Moreover, counsel for Red Barn should not be granted *nunc pro tunc* relief and thus counsel has no authority to pursue any cause of action on behalf of Red Barn. For the reasons discussed above, NextGear's Motion to Dismiss pursuant to Rule 12(b)(6) should be granted and the Complaint dismissed accordingly.

Respectfully submitted,

ADAMS AND REESE LLP

s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
(504) 566-0201
*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of March 2014 I served a copy of the foregoing Reply Memorandum to Plaintiffs' Memorandum in Opposition of the Motion to Dismiss on all counsel of record via electronic service by the court's CM\ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

- **Lisa Brener**
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Robin B. Cheatham**
  robin.cheatham@arlaw.com,owensvc@arlaw.com
- **Cassie E Felder**
  cfelder@felderllc.com,joshua@felderllc.com,sabreen@felderllc.com,jeremiah@felderllc.com
- **Joshua Paul Melder**
  joshua@felderllc.com

> /s/Robin B. Cheatham
> Robin B. Cheatham