UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RED BARN MOTORS, INC., <br> DONALD B. RICHARDSON, AND <br> BARBARA A. RICHARDSON | * <br> * <br> * <br> * | CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB |
| VERSUS | * <br> * | |
| NEXTGEAR CAPITAL, INC. <br> AS SUCCESSOR-IN-INTEREST TO <br> DEALER SERVICES CORPORATION, <br> LOUISIANA'S FIRST CHOICE <br> AUTO AUCTION, L.L.C. | * <br> * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NEXTGEAR CAPITAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, (incorrectly named defendant as NextGear Capital, Inc., as successor-in-interest to Dealer Services Corporation) (hereinafter "NextGear"), appearing herein through undersigned counsel, hereby files this opposition to Plaintiffs' Motion for Leave to File Amended Complaint (the "Motion") (R. Doc. 25).

**Summary of Argument**

Plaintiffs' Motion should be denied, because 1) the amendment is futile, as Plaintiffs have not cured any of the deficiencies of the Original Complaint, 2) the only "new" allegations in the Amended Complaint are RICO claims and those RICO claims are insufficiently pled, and 3) Plaintiffs' request to amend their Complaint is premature as this Court already has pending before it a Motion to Dismiss and Motion to Transfer that require resolution before consideration of the Motion.. For all of the reasons discussed more fully herein, this Court should deny Plaintiffs' Motion for Leave to File an Amended Complaint.

1

## I. Plaintiffs have not cured any deficiencies of the Original Complaint

Leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). Permission should only be granted "when justice so requires." Fed. R. Civ. P. 15(a). An amendment should be denied when there is a valid justification for the denial. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).

The United States Supreme Court has decreed circumstances when leave to amend should be denied, including in circumstances where: (i) there has been an undue delay, (ii) the movant has acted in bad faith or with a dilatory motive, (iii) the movant has repeatedly failed to cure deficiencies in previous amendments, (iv) the opposing party would suffer undue prejudice, OR (v) the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has applied the above reasons in tandem when denying leave to amend. *Avatar Exploration, Inc.*, 933 F.2d 314 (5th Cir. 1991)(denying amendment for futility); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981)("Clearly, if the complaint as amended would still be subject to dismissal, no abuse of discretion occurs when amendment is denied.").

In this instance, allowing Plaintiffs leave to file an amendment would be futile. In the proposed Amended Complaint, Plaintiffs do not respond to, and fail to cure, any of the deficiencies of the original complaint, such that the Motion should be denied. *See Old Time Enterprises, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1220 (5th Cir. 1989)(finding that the district court did not abuse its discretion in denying permission to file an amended complaint, when the amended complaint failed to remedy the many deficiencies of the first two complaints). As demonstrated below, multiple deficiencies still remain which preclude the grant of any amendment.

### A. Both Ms. and Mr. Richardson lack standing.

As argued in NextGear's Motion to Dismiss, plaintiff Ms. Richardson lacks standing to bring any claim, including Plaintiffs' current request to add a RICO claim. (R. Doc. 10-1, p.3-4). Ms. Richardson cannot assert a private cause of action (whether RICO or otherwise) on behalf of Red Barn, as any such claims would *belong to Red Barn Motors, Inc.* ("Red Barn"). Similarly, focusing here solely on the alleged RICO claims in the Motion without admission as to any other claims sought to be asserted by Mr. Richardson, Mr. Richardson, as both a shareholder and guarantor of Red Barn, lacks standing to bring a RICO claim. A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003). Furthermore, in considering whether a shareholder of a corporation may assert a civil RICO claim for alleged injuries, the Fifth Circuit applies a three-prong test: (1) whether the racketeering activity was directed against the corporation; (2) whether the alleged injury to the shareholders merely derived from, and thus was not distinct from, the injury to the corporation; and (3) whether state law provides that the sole cause of action accrues in the corporation. *Joffroin v. Tufaro*, 606 F.3d 235, 238 (5th Cir. 2010). If the answer is yes, then the plaintiff does not have the requisite standing. *Id*; *see also Fuller v. Harrah's Entm't, Inc.*, No. 04-2108, 2004 WL 2452771, at *2 (E.D. La. Oct. 29, 2004) ("Not every injury to property is compensable …because RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff.")(internal citations omitted).

In this instance, all three prongs are satisfied such that Mr. and Ms. Richardson both lack standing to bring a civil RICO claim. First, there are no allegations of any racketeering conduct

3

directed specifically at either Mr. or Ms. Richardson. Rather, all of the allegations concern conduct directed at Red Barn. Second, there are no allegations regarding any specific injury incurred by either Mr. or Ms. Richardson, separate and distinct from the alleged injury suffered by Red Barn. Third, Louisiana law provides that the sole cause of action in this case accrues to Red Barn, as Mr. or Ms. Richardson cannot assert an injury or loss to Red Barn as a separate claim. *See Morrell v. Alfortish*, 2010 WL 4668429, *4 ("[s]hareholders in a business corporation lack standing to pursue claims for losses incurred by the corporation which are only indirectly passed to the shareholder."). Therefore, because all three prongs are satisfied, Mr. or Ms. Richardson as shareholders lack standing to bring a RICO claim.

In short, both Mr. and Ms. Richardson fail to allege or establish standing in their Amended Complaint. Standing "appears to be an insurmountable hurdle to this suit and cannot be cured by amending the complaint." *Morrel v. Alfortish*, 2010 WL 4668429, (E.D. La. 2010). As such, the Motion for Leave should be denied on these grounds alone.

### B. Red Barn also has no standing to bring the Amended Complaint.

Red Barn did not specifically and unequivocally reserve any such causes of action, including those asserted in the proposed Amended Complaint, in its Amended Plan of Reorganization in conformity with the recognized prerequisites. Because there was no reservation, Red Barn has no standing to pursue the alleged causes of action in its Amended Complaint against NextGear. *See* Memorandum in Support of Motion to Dismiss, (R. Doc. 10-1, p. 8-10).

As demonstrated above, the proposed Amended Complaint suffers from the same fatal flaw as the Original Complaint. Thus, because these deficiencies remain in the Amended Complaint, this Court should deny Plaintiffs' Motion for Leave accordingly.

4

### C. Red Barn is not authorized to pursue any claim against NextGear.

Moreover, Red Barn has not complied with the requisite statutory predicates to have counsel for Red Barn authorized to pursue any claim on its behalf against NextGear. *See* Memorandum in Support of Motion to Dismiss (R. Doc. 10-1, p. 5-7). As such, counsel for Red Barn does not have authority to file any Amended Complaint against NextGear, yet another reason the Motion for Leave should be denied.

## II. The Amended Complaint also Fails to Allege RICO Claims with the Required Specificity.

Although this Court first has to determine whether to allow the amendment sought under Fed. R. Civ. Proc. 15, should this Court decide to allow it, the Amended Complaint still falls short of the requisite predicates under the applicable statutes to plead a cause of action for civil RICO.

The Amended Complaint merely seeks to add two more specious causes of action, a civil RICO claim against NextGear and a civil RICO claim against both NextGear and First Choice. *See* Motion for Leave, p. 4, 7 (R. Doc. 25). The Amended Complaint fails to plead the RICO claims with the specificity required by the Fifth Circuit for RICO claims. "Rule 9(b) requires particularity in pleading the 'circumstances constituting fraud.' This particularity requirement *applies to the pleading of fraud as a predicate act in a RICO claim as well.*" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992)(emphasis added).

The Fifth Circuit interprets "Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564 (5th Cir. 2002)(internal citations omitted).

5

To state a claim for *any* civil RICO violation, a plaintiff must allege a "pattern of racketeering activity" that is "connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000); *accord Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). Not "every act of corruption or petty crime committed in a business setting" gives rise to a claim under RICO. *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 913 F.2d 948, 954 (D.C. Cir. 1990).

In this instance, Plaintiffs make conclusory allegations as to a RICO "enterprise," "racketeering activity" and "pattern of racketeering activity." *See* Motion for Leave, ¶¶ 50, 51, 52 (R. Doc. 25). Conclusory labels do not state a RICO claim. *See H.J. Inc. v. Northwestern Bell Tel. Co.* 492 U.S. 229, 109 S. Ct. 2893 (1989); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO.* 901 F.2d 212 (5th Cir. 1990). Some of Plaintiffs' conclusory allegations include:

- NextGear committed wire fraud and engaged in a pattern of racketeering activity against Plaintiffs and causing them injury in violation of 18 U.S.C. 1961, et seq.(hereinafter, "RICO Act") and as further described herein. *See* proposed Amended Complaint, ¶ 42.

- NextGear is an enterprise engaged in and whose activities affect interstate commerce. *Id.* at ¶ 42 (sic).

- The unearned payments accepted by NextGear were solicited through deceptive means as described herein and constitute a scheme to defraud. *Id.* at ¶ 47.

- NextGear, a corporation, is an "enterprises"(sic) for the purposes of the RICO Act. *Id.* at ¶ 51.

For the majority of the proposed Amended Complaint, Plaintiffs merely provide a "formulaic recitation of the elements of a [RICO claim]" without providing specific factual matter. *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court cannot "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.* 365 F.3d

353, 361 (5th Cir. 2004)(quotation omitted). Throughout the Amended Complaint, Plaintiffs make broad sweeping conclusions without specific and particular facts to support the RICO claims. As such, Plaintiffs fail to comply with Rule 9(b) as required by the Fifth Circuit and the Amended Complaint should be denied accordingly.

### III. Plaintiffs fail to plead a *prima facie* case of racketeering.

To state a claim for *any* civil RICO violation, a plaintiff must allege: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (internal quotation marks and emphases omitted). The gravamen of proper RICO claims is repeated, egregious behavior that, but for the discovery of the scheme (or some other external interruption), would have continued *indefinitely. See Larco Towing, Inc. v. Newpark Drilling Fluids, LLC*, No. CIV.A. 09-2928, 2010 WL 1416550 (E.D. La. Mar. 31, 2010).

Plaintiffs attempt to allege a closed-ended pattern of racketeering activity beginning in September 2011, wherein NextGear allegedly accepted payment for the interest and fees it charged to Red Barn without loaning money to Red Barn through internet banking transactions. *See* proposed Amended Complaint, ¶ 46. This "pattern" lacks the required continuity under RICO, because all of the alleged predicate acts of "wire fraud" arise out of NextGear's handling of the contracts with Red Barn. *See Atel Mar. Investors, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2012 WL 2994337, at *7 (E.D. La. July 20, 2012)(finding summary judgment on behalf of defendants, because plaintiff could not show that defendants "defrauded any other parties through similar activities," and without the [agreements], none of the alleged predicate acts would have occurred; thus the alleged predicate acts were part and parcel of participating

7

in the [agreements]"). *See also Whitney Nat'l Bank*, 1996 WL 185781, at *3 ("Although plaintiff attempts to cull from the facts dozens of acts of indictable mail fraud, money laundering, extortion, and so forth, the fact remains that these acts are all part of a limited number of financial transactions, all allegedly designed to accomplish the same goal."). Furthermore, Plaintiffs fail to prove but for the discovery of the scheme, it would have continued indefinitely. *See Abraham v. Singh*, 480 F.3d 351, 356 (5th Cir. 2007) (scheme to recruit workers from India for peonage was actionable where "there [were] multiple victims, and there [was] no reason to suppose that this systematic victimization allegedly begun in November 2000 would not have continued indefinitely had the Plaintiffs not filed this lawsuit").

Moreover, many of the acts Plaintiffs allege are not acts that the RICO statute is aimed at preventing. Rather, RICO's focus is on the infiltration of organized crime and racketeering activities into legitimate business. *Beck v. Prupis*, 529 U.S. 494, 496 (2000). In short, Plaintiffs fail to prove a *prima facie* case of racketeering, as Plaintiffs fail to satisfy the required elements for a RICO claim.

**IV.   The Court should also deny the Motion for Leave because other motions are currently pending before this Court.**

Currently, there are two motions pending before this Court that need to be resolved before any pleadings are amended – a Motion to Dismiss and a Motion to Transfer. *See* R. Doc. 10, 11. These Motions have been fully briefed. Should the Court not grant the Motion to Dismiss, the Motion to Transfer provides a legally sufficient basis upon which the Court should transfer this case to the Southern District of Indiana. *See* Motion to Transfer (R. Doc. 11). If in fact the Motion to Transfer is granted, any request to amend the Complaint will also be transferred to the other court. The transferee court should be the one to consider any proposed Amended Complaint, as it is the proper venue pursuant to the forum selection clause. *See* Motion

to Transfer (R. Doc. 11). Moreover, because the Amended Complaint fails to cure any defects of the Original Complaint, there is no reason to allow the Amended Complaint prior to the determination on the Motion to Dismiss, or for that matter the Motion to Transfer. At a minimum, the Motion for Leave should be denied at this time as premature.

### V. Conclusion

Plaintiffs' motion for leave to file an Amended Complaint should be denied because the amendment is futile, as Plaintiffs have not cured any of the deficiencies of the Original Complaint. In addition, the Amended Complaint insufficiently pleads the RICO claims. Lastly, there are currently two motions pending before this Court, a motion to dismiss and a motion to transfer, making the Amended Complaint premature at this time. For all of the reasons discussed herein, this Court should deny Plaintiffs' Motion for Leave to file an Amended Complaint accordingly.

Respectfully submitted,

ADAMS AND REESE LLP

s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
(504) 566-0201
*Attorneys for NextGear Capital, Inc.*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 28th day of May 2014 served a copy of the foregoing on all counsel of record via electronic service by the court's CM\ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

- **Lisa Brener**
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Robin B. Cheatham**
  robin.cheatham@arlaw.com,owensvc@arlaw.com
- **Cassie E Felder**
  cfelder@felderllc.com,joshua@felderllc.com,sabreen@felderllc.com,jeremiah@felderllc.com
- **Joshua Paul Melder**
  joshua@felderllc.com

                                               */s/Robin B. Cheatham*
                                               Robin B. Cheatham