UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC., * | |
| DONALD B. RICHARDSON, AND * | CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB |
| BARBARA  A. RICHARDSON * | |
| * | |
| VERSUS * | |
| * | |
| NEXTGEAR CAPITAL, INC. * | |
| AS SUCCESSOR-IN-INTEREST TO * | |
| DEALER SERVICES CORPORATION, * | |
|  LOUISIANA'S FIRST CHOICE * | |
| AUTO AUCTION, L.L.C. * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### NEXTGEAR CAPITAL, INC'S REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTION TO TRANSFER

NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., incorrectly named as defendant NextGear Capital Inc., as successor-in-interest to Dealer Services Corporation (hereinafter "NextGear"), appearing herein through undersigned counsel, respectfully submit the following Reply Memorandum to Plaintiffs' Memorandum in Opposition of the Motion to Transfer [R.Doc. 14].

### SUMMARY OF ARGUMENT

 Plaintiffs are seeking enforcement of an agreement between the parties, which contains a forum selection clause, mandating venue in state or federal courts of Marion or Hamilton County, Indiana. Because the forum selection clause was not procured by fraud nor does this suit warrant the classification as an "exceptional case," this Court should follow recent Supreme Court precedent and enforce the clause.

## BACKGROUND INFORMATION

On July 27, 2011, Dealer Services Corporation ("DSC") and Red Barn Motors, Inc. ("Red Barn"), entered into a Demand Promissory Note and Security Agreement (the "Note") in the principal amount sum of $200,000.  The Note contains the following clause:

> 22. JURISDICTION AND VENUE: As evidenced by Dealer's signature below, Dealer submits to the personal jurisdiction and venue of the state or federal courts of Marion and Hamilton County Indiana ***and agrees that any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note initiated by Dealer against DSC shall be brought in the state or federal courts of Marion or Hamilton County, Indiana. Further, Dealer expressly consents to such jurisdiction and venue of the state or federal courts in Marion and or Hamilton County, Indiana as to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action.*** DSC reserves the right to initiate and prosecute any action against Dealer in ay court of competent jurisdiction, and Dealer consents to such Forum as DSC may elect. However, in the event this Note is made and entered into the State of California, the state or federal courts located in the State of California shall have jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Note or to any matter arising out of or related to this Note. Each party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such Court, and each party hereby waives any objection which such party may have based upon lack of personal jurisdiction, improper venue, or forum non conveniens, and hereby consents to the granting of such legal or equitable relief as is deemed appropriate by such Court.

*See* Exhibit 1 (emphasis added). On behalf of Red Barn, Donald Richardson executed the Note. Contemporaneously, with the execution of the Note, Donald Richardson also executed an Individual Guaranty, containing the same form selection clause as set forth in the Note. On December 5, 2013, Plaintiffs filed this suit.

## LAW AND ARGUMENT

**1.  The forum selection clause should be enforced because this is not an "exceptional case" as contemplated by the United States Supreme Court.**

Plaintiffs' first attempt to avoid the mandatory forum selection clause by claiming this is an "exceptional case," such that the Court should disregard the clause. In support, Plaintiffs

2

claim the inconvenience of the parties. *See* Opposition, p. 1, 3 ("[t]he expenses would be too extreme to have all witnesses, attorneys, and parties attend trial in any other state…[t]he majority of attendees that are needed to be present in court on the day of this trial are domiciled in the state of Louisiana."). Plaintiffs' reasons are exactly what the United States Supreme Court recently found do not warrant an exceptional case to disregard a forum selection clause. In *Atlantic Marine Const. Co., nc. v. U.S. Dist. Court for the Western State of Texas,* the Supreme Court recently found that "a valid forum selection clause [should be] given *controlling weight* in all but the most *exceptional cases*." 134 S.Ct. 568, 582-83 (December 3, 2013). The Supreme Court further stated:

> When parties agree to a forum-selection clause, they *waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation*. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different but " 'instructive' " context, *Stewart, supra,* at 28, 108 S.Ct. 2239, "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.

134 S.Ct. 568, 581 (emphasis added)(internal citations omitted).

Contrary to Plaintiffs' contentions, ***only*** when the case does ***not*** involve a forum selection clause, does the court consider the convenience of the parties and various public-interest considerations. *Id.* at 581. Furthermore, as support for Plaintiffs' argument that this suit constitutes an "exceptional case," Plaintiffs rely exclusively on one non-binding case from the Western District of Missouri. *See* Opposition, p. 3. As such, Plaintiffs' argument regarding the convenience of the parties carries no weight, and this Court should follow recent Supreme Court precedent and enforce the forum selection clause.

**2.  The forum selection clause was not procured by fraud and is enforceable.**

Plaintiffs' second attempt to avoid the forum selection clause is to claim the clause was procured by fraud. The forum selection clause designating federal courts in Marion and or Hamilton County, Indiana as the proper forum was not the product of fraud.  Plaintiffs do not set forth any legitimate evidence alleging that the forum selection clause was obtained via fraud. In addressing this issue, the Fifth Circuit found that "[f]raud and overreaching *must be specific* to a forum selection clause in order to invalidate it." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (emphasis added). The Fifth Circuit went on to state that the exception for unreasonable fraud or overreaching,

> does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud…the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable *if the inclusion of that clause* in the contract was the product of fraud or coercion.

*Id.* Thus, "the claims of fraud or overreaching must be aimed straight at [the forum selection] clause in order to succeed." *Id.* As such, the proper inquiry is whether the forum selection clause is the result of fraud in the inducement of the forum selection clause itself. *See Afram Carreirs, Inc. v. Moeykens*, 145 F.3d 298, 302 n. 3 (5th Cir. 1998) (party claiming fraud must show that the inclusion of forum selection clause itself, not the entire agreement, was a product of fraud).

Plaintiffs fail to show with specificity that the inclusion of the forum selection clause in the Note was the product of fraud. Instead, Plaintiffs generally claim that NextGear acted fraudulently; such claim being insufficient to evidence that the forum selection clause specifically was procured by fraud.

Seeking to shore up their wholly unsupported fraud allegations, Plaintiffs claim that DSC k/n/a NextGear, has exhibited a pattern of fraudulent activity with various other parties. Besides the allegation being meritless, this type of evidence is strictly prohibited by the federal rules of evidence. Federal Rule of Evidence Rule 404(b) expressly prohibits admission of such evidence under these circumstances. *See* Fed. R. Evid. Rule 404(b)(1)("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *see also In re Oil Spill by Oil Rig DEEPWATER HORIZON in Gulf of Mexico, on April 20, 2010*, 2012 WL 413860 (E.D. La. Feb. 9, 2012)(As to evidence of prior civil proceedings, the evidence arguments and analysis are similar).

Here, the only purpose of alleging these other proceedings is to show that NextGear has a propensity to commit "bad acts" which is expressly prohibited by Fed. R. Evid. Rule 404(b). *See Reyes v. Missouri Pac. R. Co*., 589 F.2d 791, 794 (5th Cir. 1979) (excluding character evidence under Rule 404 where the "only possible [purpose] for which the evidence could be offered" was to show propensity to act in conformance therewith). As such, any evidence that NextGear f/k/a DSC acted fraudulently with other parties should not be considered by this Court, particularly as it pertains to the forum selection clause. In short, Plaintiffs cannot prove that the forum selection clause was procured by fraud, thus the forum selection clause is unenforceable.

**3.  Plaintiffs bear the burden of proof.**

Plaintiffs incorrectly assert that NextGear bears the burden of proof as to why the transfer is favored. See Opposition, p. 5. Rather, the Supreme Court recently explained "as the party defying the forum-selection clause, the ***plaintiff*** bears the burden of establishing that transfer to the forum for which the parties bargained for is unwarranted." *Atlantic Marine Const. Co.Inc.*

5

134 S.Ct. at 581(emphasis added). As demonstrated above, a valid forum selection clause exists

such that Plaintiffs bear the burden of proof, which they cannot meet.

**4.  The forum selection clause is still enforceable although First Choice was not a party.**

As a last attempt to avoid the forum selection clause, Plaintiffs argue that because the

forum selection clause was not signed by First Choice, but only signed by Plaintiffs and DSC

k/n/a NextGear, the forum selection clause should not be enforced. Opposition, p. 2. First,

Plaintiffs should not be allowed to circumvent the forum selection clause merely because they

chose to add an additional defendant. The Supreme Court explained that,

> when a plaintiff agrees by contract to bring suit only in a specific forum-
> presumably in exchange for other binding promises by the defendant- the plaintiff
> has effectively exercised its 'venue privilege' before a dispute arises…[and] *only*
> that initial choice deserves deference, and the plaintiff must bear the burden of
> showing why the court should not transfer the case to forum to which the parties
> agreed.

*Atlantic Marine Constr. Co., Inc*. 134 S.Ct. at 582 (emphasis added). Thus, Plaintiffs should not

be allowed to avoid the forum selection clause, a contract to which they willingly agreed to, by

choosing to add an additional party to the suit.

Second, a non-signatory to a contract may be bound by forum selection clause if the non-

signatory is closely related or the alleged conducted is closely related to the contractual

relationship. *See also Manetti–Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th*

*Cir.1988)*("[A] range of transaction participants, parties and non-parties, should benefit from and

be subject to forum selection clauses."); *See e.g. Lipcon v. Underwriters at Lloyd's London*, 148

F.3d 1285, 1299 (11th Cir. 1998)("In order to bind a non-party to a forum selection clause, the

party must be 'closely related' to the dispute such that it becomes foreseeable that it will be

bound."); *see e.g. Alternative Delivery Solutions, Inc. v. R.R. Donnelly & Sons Co*., 2005 WL

186 2631 (W.D. Texas July 8, 2005). Moreover, the presence of a non-signatory defendant

should not render a forum selection clause inapplicable where otherwise it is enforceable. *See Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (In a claim against a non-signatory defendant, the Fifth Circuit agreed that the "Plaintiff's claims are so intertwined with and dependent upon the [Agreement] that the arbitration agreement within the [Agreement] should be given effect.").[1]

Here, First Choice is closely related to the causes asserted by Plaintiffs and the related transactions such that it should be bound to the forum selection clause. The Note between Plaintiffs and NextGear enabled Plaintiffs' to have the financial ability to purchase vehicles from First Choice. In fact, Plaintiffs make direct reference to that financial availability and its reliance upon same. *See e.g.* Exhibit "B" of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (notation of DSC is made on each purchase summary between Plaintiff and First Choice) [R.Doc. No.16].

In the Complaint, Plaintiffs allege, which allegations are specifically denied by NextGear, that First Choice seized Red Barn's vehicles and delivered the vehicles to DSC. *See* Complaint, p. 6 (Rec. Doc. 1). Plaintiffs further allege, which is also denied, that First Choice and DSC illegally seized Red Barn's assets. *Id.* Because First Choice's alleged actions stem from the Note between Red Barn and DSC, First Choice should be bound to the forum selection clause. *See Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514 (5th Cir. 2006) ("[N]on-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract" will be bound by the contract's clauses.).

---

[1] The Fifth Circuit has rejected attempts to distinguish between arbitration and forum selection clauses for enforceability purposes, noting that "in relevant aspects, there is little difference between the two." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (internal citations omitted).

**5.    Alternatively, the Court can sever and stay the claims against First Choice and transfer the claims against NextGear.**

Alternatively, this Court should sever and stay the claims against First Choice and transfer the claims against NextGear to a federal court in Marion or Hamilton County, Indiana, as mandated by the forum selection clause. Plaintiffs should be estopped from trying to circumvent a valid forum selection clause simply by adding a separate defendant. *See E. Cornell Malone Corp. v. Sisters of the Holy Family, et al.*, 922 F.Supp.2d 550 (E.D. La. 2013) (finding severance would avert prejudice to a co-defendant when another co-defendant sought to bring claims that would have been prohibited by the forum selection clause); *see also Grigson*, 210 F.3d 526 (proceedings against non-parties to the arbitration agreement should be stayed when "the action against the non-party is dependent upon" the underlying contract).

In *O'Conner v. AT&T Corp.*, the Plaintiff sought to avoid the arbitration agreement between himself and the signatory by bringing the action against a non-signatory. *O'Conner v. AT & T Corp.*, 2013 WL 3107496 (M.D. La. June 18, 2013). In that case, this Court explained that "application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." *Id.* at *4.

Similarly, in this case, Plaintiffs seek to avoid the forum selection clause by asserting claims against both First Choice, the non-signatory, and NextGear. If this Court determines that First Choice is not bound by the forum selection clause, the doctrine of equitable estoppel calls for the severance of the claims against NextGear claims to avert any prejudice to the signatory party, NextGear. For these reasons, the Court should enforce the forum selection clause.

## CONCLUSION

The Note and Individual Guaranty have valid forum selection clauses, mandating venue in state or federal courts of Marion or Hamilton County, Indiana. Because these forum selection clauses are presumed valid and there is no evidence that they were procured by fraud, this Court should transfer this matter to the federal court in Indiana.

Respectfully submitted,

ADAMS AND REESE LLP

s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone: (504) 581-3234
(504) 566-0201
*Attorneys for NextGear Capital, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of March 2014 served a copy of the foregoing Reply Memorandum to Plaintiffs' Memorandum in Opposition to Motion to Transfer on all counsel of record via electronic service by the court's CM\ECF system.   Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Cassie E Felder    cfelder@felderllc.com, jeremiah@felderllc.com, joshua@felderllc.com, sabreen@felderllc.com
Joshua Paul Melder    joshua@felderllc.com
Lisa Brener    lbrener@brenerlawfirm.com, tkeller@brenerlawfirm.com
Robin B. Cheatham    robin.cheatham@arlaw.com, owensvc@arlaw.com

*/s/Robin B. Cheatham*
Robin B. Cheatham

9