UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RED BARN MOTORS, INC, <br> DONALD B. RICHARDSON, AND <br> BARBARA A. RICHARDSON | CIVIL ACTION NO. 13-00778 |
| VERSUS | JUDGE BRIAN A. JACKSON |
| NEXTGEAR CAPITAL, INC, <br> as successor-in-interest to DEALER <br> SERVICES CORPORATION, and <br> LOUISIANA'S FIRST CHOICE AUTO <br> AUCTION, L.L.C. | MAG. RICHARD L. BOURGEOIS, JR. |

*************************************************************************

## SUPPLEMENTAL OPPOSITION OF
## LOUISIANA'S FIRST CHOICE AUTO AUCTION
## TO NEXTGEAR'S MOTION TO TRANSFER

**MAY IT PLEASE THE COURT:**

NextGear argues in its reply memorandum to Plaintiffs' opposition to NextGear's motion to transfer, that First Choice, a non-signatory to the contract between Red Barn and NextGear, should be bound by the forum selection clause in that contract. Significantly, NextGear does not attempt to distinguish the U.S. Fifth Circuit, Middle District of Louisiana, and Eastern District of Louisiana cases discussed in First Choice's opposition, which hold that forum selections clause are inapplicable to those who are not parties to the contract. *See, e.g., Adams, et al. v. Unione Mediterranea Di Sicurta, et al.*, 364 F.3d 646 (5th Cir. 2004); *Employees Mutual Casualty Company v. Iberville Parish School Board*, 2013 WL 943759 (M.D. La. 3/11/2013); and *Marubeni America Corp., M/V Southern Virgo, et al.*, 1994 WL 561869 (E.D. La. 10/12/1994). Instead,

NextGear relies for its untenable argument on cases whose facts bear no resemblance whatsoever to the facts before this Court.

As just one example, NextGear cites *Hellenic Investment v. Det Norske Veritas, et al.*, 464 F.3d 514 (5th Cir. 2006), for the principle that " 'nonsignatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract' will be bound by the contract's clauses." (Document 18-1, p 7). What NextGear fails to note is that the Fifth Circuit expressly acknowledged that this principle is only applicable when the "direct-benefit estoppel doctrine" is appropriate to the facts. The direct-benefit estoppel doctrine "applies when a nonsignatory 'knowingly exploits the agreement containing the arbitration clause.'" *Hellenic Investment*, at p.518 (internal citations omitted).

In *Hellenic*, the direct benefits estoppel doctrine was applicable because Hellenic received a benefit from the services provided pursuant to the contract that contained the forum selection clause, and in fact brought the lawsuit premised in part upon the obligations under the contract between the other parties. Here, First Choice received no benefit pursuant to the contract between NextGear. Further, First Choice does not rely on that contract for any of its defenses. *Hellenic* is inapplicable to this case.

First Choice also submits that holding a non-signatory to a contractual arbitration clause is far less onerous a burden than requiring a non-signatory to defend itself half-way across the country in a venue to which it has no connection. In fact, such a transfer very well might be a vain and futile effort, as First Choice would then file a motion to dismiss for lack of personal jurisdiction.

NextGear's reliance on the direct-benefit estoppel doctrine as an exception to the rule that a non-signatory to a contract may be held to the forum selection clause in that contract is misplaced. For the reasons set forth in its original opposition, and herein, First Choice submits that the motion to transfer venue to Indiana, as to First Choice, should be denied.

Respectfully Submitted:

/s/ Lisa Brener

Lisa Brener, La. Bar #01809

Chelsea Cusimano, La. Bar #34857
**Brener Law Firm, LLC**
3640 Magazine Street
New Orleans, LA 70115
Telephone: (504) 302-7802
Facsimile: (504)304-4759
lbrener@brenerlawfirm.com

*Attorneys for Louisiana's First Choice Auto Auction, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2014, a copy of the foregoing Supplemental Opposition to NextGear Capital, Inc.'s Motion to Transfer was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Cassie E. Felder
Cassie Felder & Associates, L.L.C.
263 3rd Street, Suite 308
Baton Rouge, LA 70801

Robin B. Cheatham
Adams & Reese, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70130

/s/Lisa Brener
Lisa Brener