## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RED BARN MOTORS, INC., | * | |
| DONALD B. RICHARDSON, AND | * | CIVIL ACTON NO.: 3:13-CV-00778-BAJ-RLB |
| BARBARA A. RICHARDSON | * | |
| | * | |
| VERSUS | * | |
| | * | |
| NEXTGEAR CAPITAL, INC. | * | |
| AS SUCCESSOR-IN-INTEREST TO | * | |
| DEALER SERVICES CORPORATION, | * | |
| LOUISIANA'S FIRST CHOICE | * | |
| AUTO AUCTION, L.L.C. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

### NEXTGEAR CAPITAL, INC'S REPLY MEMORANDUM TO LOUISIANA'S FIRST CHOICE AUTO AUCTION'S MEMORANDUM IN OPPOSITION TO THE MOTION TO TRANSFER AND SUPPLEMENTAL OPPOSITION TO THE MOTION TO TRANSFER

NextGear Capital, Inc., f/k/a Dealer Services Corporation, successor by merger with Manheim Automotive Financial Services, Inc., (incorrectly named as defendant NextGear Capital Inc., as successor-in-interest to Dealer Services Corporation) (hereinafter "NextGear"), appearing herein through undersigned counsel, respectfully submits the following Reply Memorandum to Louisiana's First Choice Auto Auction's Memorandum in Opposition of the Motion to Transfer [R.Doc. 13] and Supplemental Opposition to the Motion to Transfer [R.Doc. No. 20].

### SUMMARY OF ARGUMENT

Plaintiffs are seeking enforcement of an agreement between the parties, which contains a forum selection clause, mandating venue in state or federal courts of Marion or Hamilton County, Indiana. Co-defendant Louisiana's First Choice Auto Auction (hereinafter "First Choice") is a non-signatory to the agreement. Nonetheless, First Choice should be bound by the

agreement and the forum selection clause because First Choice embraced and benefited from the agreement. In the alternative, the claims against NextGear should be severed from those against First Choice and transferred in accordance with the forum selection clause.

## BACKGROUND INFORMATION

On July 27, 2011, Dealer Services Corporation ("DSC") and Red Barn Motors, Inc. ("Red Barn"), entered into a Demand Promissory Note and Security Agreement (the "Note") in the principal amount sum of $200,000.  The Note contains the following clause:

> 22. JURISDICTION AND VENUE: As evidenced by Dealer's signature below, Dealer submits to the personal jurisdiction and venue of the state or federal courts of Marion and Hamilton County Indiana *and agrees that any and all claims or disputes pertaining to this Note or to any matter arising out of or related to this Note initiated by Dealer against DSC shall be brought in the state or federal courts of Marion or Hamilton County, Indiana. Further, Dealer expressly consents to such jurisdiction and venue of the state or federal courts in Marion and or Hamilton County, Indiana as to any action brought in such court by DSC and waives any claim of inconvenient forum with respect to any such action.* DSC reserves the right to initiate and prosecute any action against Dealer in any court of competent jurisdiction, and Dealer consents to such Forum as DSC may elect. However, in the event this Note is made and entered into the State of California, the state or federal courts located in the State of California shall have jurisdiction to hear and determine any claims or disputes between the parties pertaining to this Note or to any matter arising out of or related to this Note. Each party expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such Court, and each party hereby waives any objection which such party may have based upon lack of personal jurisdiction, improper venue, or forum non conveniens, and hereby consents to the granting of such legal or equitable relief as is deemed appropriate by such Court.

*See* Exhibit 1 (emphasis added). On behalf of Red Barn, Donald Richardson executed the Note. Contemporaneously, with the execution of the Note, Donald Richardson also executed an Individual Guaranty, containing the same forum selection clause as set forth in the Note.

On December 5, 2013, Plaintiffs filed this suit. Pursuant to the aforementioned forum selection clause, NextGear filed a Motion to Transfer. [R. Doc. No.  11]. Both Red Barn and

First Choice filed Oppositions to this motion. [R. Doc. Nos. 14 and 13 respectively]. Thereafter, First Choice filed a Supplemental Opposition to NextGear's Motion to Transfer. [R. Doc. No. 20]. Here, NextGear responds to both Oppositions filed by First Choice.

## LAW AND ARGUMENT

1. **Pursuant to the doctrine of equitable estoppel, the forum selection clause is enforceable against First Choice because First Choice "embraced" the contract.**

The doctrine of equitable estoppel permits enforcement of the forum selection clause against a non-signatory party. In its original Opposition, First Choice contends that, as a nonparty to the agreement, First Choice cannot be bound to its provisions. Equally as fundamental as that principle, is the doctrine of equitable estoppel. A non-signatory may be bound to a contract if that party has "embraced" the contract. *Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F. 3d 514 (5th Cir. 2006). A non-signatory can embrace a contract "by knowingly seeking and obtaining 'direct benefits' from that contract." *Blaustein v. Huete*, 449 F. App'x 347, 350 (5th Cir. 2011), *quoting Hellenic*, 464 F. 3d 514.

Here, First Choice received a direct benefit from the Note between Red Barn and DSC (NextGear). Red Barn relied on the Note with DSC (NextGear) to acquire vehicles for its inventory. *See* Complaint, General Allegations No. 12, p. 3. And without the Note, First Choice would not have received payment for any vehicles acquired by Plaintiffs at any auction conducted by First Choice. First Choice directly benefited from this Note because First Choice would not have received payment for vehicles acquired by Red Barn but for the existence of the Note.

The Fifth Circuit in *Hellenic Investment Fund, Inc. v. Det Norske Veritas* provided a comparable analysis. 464 F. 3d 514 (5th Cir. 2006). Det Norske Veritas ("DNV"), a classification society, contracted with Inlet, a ship owning consortium, to provide inspections

3

and classifications of Inlet's ship. *Id.* DNV operated under an established set of rules, which contained a mandatory forum selection clause. Thereafter, Hellenic, also a ship owning consortium, purchased Inlet's ship. *Id.* at 515–16. However, before finalizing the sale, Hellenic required that all class inspections be completed on the vessel. *Id.* After DNV (under contract with Inlet, not Hellenic) completed the inspections, Hellenic finalized the purchase. *Id.* Later, Hellenic discovered defects in the ship. *Id.* Hellenic claimed that DNV's inspection should have revealed the defects. *Id.* at 516–17. Upon being sued, DNV sought to enforce the forum selection clause contained in its rules. *Id.* Hellenic claimed that it had no contract with DNV and, therefore, was not bound by the forum selection clause. *Id.* The court, applying the theory of equitable estoppel, found that Hellenic was bound because it had benefitted from DNV's contract with Inlet, DNV's inspection, and, thus, DNV's rules. *Id.* at 518–19.

Similarly, here, First Choice relied upon the financial ability of Red Barn in the form of the Note which allowed the transactions involving First Choice to be consummated. *See e.g.* Exhibit "B" of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (DSC(NextGear) notation is made on each purchase vehicle summary). Like Hellenic, a non-signatory plaintiff, First Choice, as the non-signatory defendant, asserts the same argument – it should not be bound to the forum selection clause because it was not a party to the Note.

In its Supplemental Opposition, First Choice stated that "the direct benefits estoppel doctrine was applicable because Hellenic received a benefit from the services provided pursuant to the contract." *See* Document 20-2, p. 2. NextGear agrees. As the Fifth Circuit reasoned, First Choice should be bound because it benefitted from Red Barn's Note with DSC(NextGear). Without the Note, First Choice would not have received payment from Red Barn for the vehicles that Red Barn acquired at auction conducted by First Choice. For these reasons, First Choice

embraced the Note between Red Barn and DSC (NextGear) and should be bound to the forum selection clause.

Moreover, First Choice's cited cases in its original Opposition are easily distinguishable. In *Adams, et al v. Unione*, the contract containing the forum selection clause was between the defendant and a non-party. 364 F.3d 646 (5th Cir. 2004). In that case, the plaintiff, a non-signatory, sought a contribution claim rather than a subrogation action and, therefore, he did not stand in the signatory's shoes. *Id.* For that reason, the Court stated that the agreement did not "transform the nature of their claims." *Id.* at 652. In this case, both signatories are parties to the suit and the Note does transform the nature of Red Barn's claims because they are based on the Note.

In *Employee Mutual Casualty Company v. Iberville Parish School Board*, two parties entered in to an agreement containing a forum selection clause. 2013 WL 943759 (M.D. La. 2013). Upon one signatory's failure to perform, the defendant entered into a separate agreement with the plaintiff, as a surety. *Id.* The plaintiff surety was a non-signatory to the original contract. *Id.* As this Court stated, a surety bond is an accessory contract, not the principal contract. *Id.* at *4. The surety was subject to the specific terms of the Bond, which did not have a forum selection clause. *Id.* Again, here, both signatories to the Note are parties in the litigation, which is the principal contract, not accessorial.

Lastly, in *Marubeni America Corp. v. M/V Southern Virgo, et al*, two of the defendants entered into an agreement with a forum selection clause. However, the plaintiff's claims did not stem from this agreement. Rather, the defendants' defenses relied on this agreement. Here, Red Barn's claims stem directly from the Note with DSC (NextGear), including the mandatory forum selection clause. NextGear's defenses, including but not limited to, the assertion of the

mandatory forum selection clause also arise from that Note. For these reasons, First Choice's case law is distinguishable and does not defeat the applicability of the doctrine of equitable estoppel.

### 2. Alternatively, the Court should sever and transfer the claims against NextGear in accordance with the forum selection clause.

If this Court should find that First Choice is not bound to the forum selection clause, the claims against NextGear should be severed and transferred to the federal court in Marion or Hamilton County, Indiana. Red Barn's claims are premised in part upon the terms and provisions under the Note. As the Fifth Circuit stated in *Grigson*, the Plaintiff cannot "have it both ways": Red Barn cannot seek to hold the defendants liable pursuant to duties imposed by the Note but, on the other hand, seek to avoid application of the Note and its forum selection clause by simply naming a non-signatory defendant. *See Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000), *citing MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999); *see also O'Conner v. AT&T Corp.*, 2013 WL 3107496 (M.D. La. 2013). The validity of Red Barn's claims are, in part, based on the provisions of the Note. Red Barn asserted a breach of contract claim against NextGear. And NextGear's defenses are based on the enforcement of the terms of the Note, including the forum selection clause.

Plaintiffs should not be able to circumvent a valid forum selection clause by adding a separate defendant. *See E. Cornell Malone Corp. v. Sisters of the Holy Family, et al.*, 922 F.Supp.2d 550 (E.D. La. 2013)(Finding severance would "avert prejudice" to a co-defendant when another co-defendant sought to bring claims that would have been prohibited by the forum selection clause.); *see also Grigson*, 210 F.3d 526 (Proceedings against non-parties to the arbitration agreement should be stayed when "the action against the non-party is dependent upon" the underlying contract.). In *O'Conner v. AT&T Corp.*, the Plaintiff sought to avoid the

6

arbitration agreement between himself and the signatory by bringing the action against a non-signatory. *O'Conner v. AT & T Corp.*, 2013 WL 3107496 (M.D. La. June 18, 2013). In that case, this Court explained that "application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Id.* at *4. Similarly, in this case, Red Barn asserts claims against both a signatory and a non-signatory for allegedly joint misconduct – the seizure of Red Barn's assets. *See* Complaint, *Count III Against Both Defendants*, No. 35, 36, p. 6. Therefore, at minimum, the claims against First Choice should be severed and the claims against NextGear should be transferred in accordance with the provisions of the Note.

## CONCLUSION

For the reasons set forth in NextGear's Motion to Transfer [R. Doc. No. 11] and Memorandum in Support [R. Doc. No. 11-1] and in its Reply to Red Barn's Opposition to the Motion to Transfer [R. Doc. No. 18-1] and herein, the Motion to Transfer should be granted or at a minimum claims should be severed and the claims against NextGear should be transferred.

Respectfully submitted,

ADAMS AND REESE LLP

s/ *Robin B. Cheatham*
Robin B. Cheatham (LA Bar No. 4004)
Jennifer Barriere (LA Bar No. 34435)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
(504) 566-0201
*Attorneys for NextGear Capital, Inc.*

7

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of March, 2014 served a copy of the foregoing Reply Memorandum to Louisiana's First Choice Auto Auction's Memorandum in Opposition to Motion to Transfer on all counsel of record via electronic service by the court's CM\ECF system.   Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

- **Lisa Brener**
  lbrener@brenerlawfirm.com,tkeller@brenerlawfirm.com
- **Robin B. Cheatham**
  robin.cheatham@arlaw.com,owensvc@arlaw.com
- **Cassie E Felder**
  cfelder@felderllc.com,joshua@felderllc.com,sabreen@felderllc.com,jeremiah@felderllc.com
- **Joshua Paul Melder**
  joshua@felderllc.com

  /s/Robin B. Cheatham
  Robin B. Cheatham

8